1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JOEL HODGELL, | Case No. 2:23-cv-001848 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| ANDERSEN CORPORATION, a foreign corporation; and RENEWAL BY ANDERSEN LLC, a limited liability corporation, | |
| Defendants. | |

**To:** The United States District Court for the Western District of Washington

**And to:** Plaintiff Joel Hodgell and His Counsel of Record

Please take notice that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Andersen Corporation ("Andersen") and Renewal by Andersen LLC ("RBA") (collectively, "Defendants"), by and through their counsel, hereby file this Notice of Removal seeking to remove this action from the Superior Court of the State of Washington, County of King ("King County Superior Court"), where it is now pending as Case No. 23-05382-6, to the United States District Court for the Western District of Washington. Removal is based upon diversity jurisdiction under 28 U.S.C. § 1332. As

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 1

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

grounds for removal of this action under 28 U.S.C. 1446(a), Defendants state as follows:

## Statement of Jurisdiction

This Court has jurisdiction over this action under 28 U.S.C. §§ 1332(a) and 1441(b) and all other applicable bases for removal because (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## State Court Action and Relevant Procedural History

On March 24, 2023, Plaintiff filed a complaint for violations of the Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et seq.*, in King County Superior Court against Defendants entitled: *Joel Hodgell v. Andersen Corp. and Renewal by Andersen, LLC*, Case No. 23-05382-6 ("State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached hereto as Exhibit 1.

In the Complaint, Plaintiff seeks recovery for (1) statutory liquidated damages under RCW 19.190.040; (2) treble damages under RCW 19.86.090; (3) civil penalties under RCW 19.86.140; (4) injunctive relief; (5) attorney fees and other costs; (6) prejudgment and post-judgment interests; and (7) other relief the Court deems just and proper. (Compl. ¶¶ 25–33.) Defendants deny all of Plaintiff's alleged claims, deny any wrongdoing, and deny that Plaintiff is entitled to any relief. Defendants deny that they are subject to personal jurisdiction in this Court and further reserve their right to move to dismiss the Complaint on that ground, among others.

Defendants previously removed this action to this Court on May 3, 2023. (*See* Notice of Removal, Case No. 2:23-cv-00649-LK, Dkt. No. 1.) The Court remanded the action to state court after concluding that, based on Plaintiff's allegations and other contentions as they existed at the time of removal, there was not a sufficient basis on which to conclude that Plaintiff's claims placed at least $75,000.00 into controversy. (*See* Aug. 9, 2023, Order Remanding Case, Case No. 2:23-cv-00649-LK, Dkt. No. 22.)

Following remand, Defendants moved to dismiss for lack of personal jurisdiction in the State Court Action. On November 27, 2023, Plaintiff filed an opposition to

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 2

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

Defendants' motion to dismiss, with an accompanying declaration signed by Plaintiff. Plaintiff's Opposition Brief and supporting Declaration are attached hereto as Exhibits 2 and 3, respectively.

In his Opposition Brief and supporting Declaration, Plaintiff has made new allegations that did not exist when Defendants filed their initial Notice of Removal. In particular, and as explained further below, Plaintiff now alleges that (a) he has continued to receive unsolicited and misleading spam emails from Defendants, even after filing this lawsuit, and (b) the total amount of allegedly misleading and unsolicited emails at issue in this action exceeds 200. Based on Plaintiff's claim for statutory damages of $500 per email under RCW 19.190.40(1), Plaintiff seeks to recover well in excess of $75,000.00. Thus, the amount in controversy exceeds the jurisdictional minimum and removal is proper.

## Timeliness of Removal

On November 27, 2023, Defendants were served with Plaintiff's Opposition Brief and supporting Declaration. (*See* Exs. 2, 3.) Those documents contain new contentions about the number of alleged spam emails Plaintiff claims to have received from Defendants. Such allegations were not included in Plaintiff's initial Complaint, nor did Plaintiff otherwise make such contentions prior to the filing of Defendants' initial Notice of Removal.

This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) as Defendants filed this Notice of Removal within thirty days of Plaintiff's filing of his Opposition Brief and supporting Declaration. *See* 28 U.S.C. § 1446(b)(3) (providing, in relevant part, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

## Procedural Prerequisites

Attached hereto as Exhibit 4 are true and complete copies of all other records and

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 3

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

proceedings in the State Court Action. As required by 28 U.S.C. § 1446(d), a removal notice, together with a copy of this Notice of Removal, will be filed with the Clerk of the King County Superior Court and will be served on Plaintiff.

In compliance with LCR 101(b), Defendants have filed contemporaneously with this Notice of Removal:

(1) A copy of the operative complaint, attached as a separate "attachment" in the electronic filing system and labeled as the "complaint". LCR 101(b)(1).

(2) A certificate of service which lists all counsel who have appeared in the action with their contact information, including email address. LCR 101(b)(2).

(3) In response to LCR 101(b)(3), at the time of filing of this Notice of Removal, no party had filed a jury request. Defendants has not waived any jury rights it may have with respect to this action and does not intend for this filing to waive any either.

(4) A completed Civil Cover Sheet (AO44). LCR 101(b)(4).

Additionally, as required by Rule 7.1 of the Federal Rules of Civil Procedure, Defendants are filing corporate disclosure statement with this Notice of Removal.

Removal to this Court is proper under 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in King County, which is located in this district and division.

**Grounds for Removal**

The Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), and thus removal is appropriate under 28 U.S.C. §§ 1441 and 1446. 28 U.S.C. § 1332(a) provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ." As set forth below, Plaintiff's allegations, along with the evidence attached hereto, establish that the State Court Action meets both the diversity-of-citizenship and amount-in-controversy requirements.

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 4

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

**A.    There is complete diversity of citizenship between the parties.**

First, diversity of citizenship exists in this case. To prove complete diversity, "Defendants must . . . show that none of them is a citizen of the same state as [Plaintiff]." *Sherron Assocs. Loan Fund IV, LLC v. Saucier*, No. C06-226JLR, 2006 WL 1009269, at *2 (W.D. Wash. Apr. 12, 2006).

For diversity purposes, an individual is a citizen of the state in which he or she is domiciled, not the individual's state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). But "[a] party's residence is prima facie proof of domicile." *Christian v. Regence Bluecross Blueshield of Oregon*, No. C20-5455-RJB-MAT, 2020 WL 5045157, at *3 (W.D. Wash. Aug. 3, 2020) (citation omitted). In determining an individual's domicile, courts may also consider several factors including his "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or other business, driver's license and automobile registration, and payment of taxes." *Sherron*, 2006 WL 1009269, at *3.

"Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen both of its state of incorporation and its principal place of business." *Rosenblatt v. Ernst & Young Int'l, Ltd.*, 28 F. App'x 731, 732 (9th Cir. 2002). A limited liability company, on the other hand, "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). This is determined at the time of filing the complaint or, if the case has been removed, at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

"[J]urisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citation omitted). Otherwise, the Court may rely on evidence Defendants put forward. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 5

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

**Plaintiff's Citizenship.** Upon information and belief, and based on the allegations in the Complaint and the statute he sued under, Plaintiff is a natural person and citizen of Washington. (Compl. ¶ 3 ("At all relevant times, Mr. Hodgell was a resident of King County and a citizen of the United States.")); RCW 19.190.030 (prohibiting the transmission of certain emails to an email address "that the sender knows, or has reason to know, is *held by a Washington resident*") (emphasis added). Additionally, it appears Plaintiff has resided in Washington since at least 2003 when he filed the Certificate of Formation for his limited liability company, We All Won, LLC.[1] (Declaration of Abigail Howd ("Howd Decl.") ¶ 3, Ex. A (Certified of Formation from 2003 and 2022 Express Annual Report, both listing a Seattle, Washington address for Plaintiff)).

**Andersen's Citizenship.** Andersen is a Minnesota corporation with its principal place of business in Bayport, Minnesota. (Declaration of Will Barron ("Barron Decl.") ¶ 4.) Andersen is thus a citizen of Minnesota. *See Rosenblatt*, 28 F. App'x at 732.

**RBA's Citizenship.** RBA is a limited liability company with a single member, SLBP Holdings Corporation. (Barron Decl. ¶ 5.) SLBP Holdings Corporation is a Minnesota corporation with its principal place of business in Bayport, Minnesota. (*Id.*) Thus RBA, like Andersen, is also a citizen of Minnesota. *Johnson*, 437 F.3d at 899.

As Plaintiff is a citizen of a state (Washington) different from both Defendants, complete diversity exists. *See Sherron Assocs.*, 2006 WL 1009269, at *2.

**B.    The amount in controversy exceeds $75,000.[2]**

This case also satisfies the amount-in-controversy requirement under 28 U.S.C. § 1332(a). Defendants in no way concede that Plaintiff is entitled to any relief whatsoever

---

[1] The Court may take judicial notice of these documents because they are public records filed with the Secretary of State for Washington and thus are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Cave Man Kitchens Inc. v. Caveman Foods, LLC*, No. 2:18-cv-01274, 2019 WL 3891327, at *2 (W.D. Wash. Aug. 19, 2019) (taking notice of public records filed with the Secretaries of State for California and Washington).

[2] In making these arguments, Defendants in no way concede that Plaintiff is entitled to any relief whatsoever from Defendants. Defendants expressly reserve the right to contest all such claims and damages.

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 6

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

from Defendants. Defendants expressly reserve the right to contest all such claims and damages.

In his Complaint, Plaintiff vaguely alleged that the "Defendants initiated or assisted in the transmission of over one-hundred misleading and unsolicited bulk commercial email solicitations," without further specification. (Compl. ¶ 2.) Plaintiff seeks "statutory liquidated damages as provided by RCW 19.190.040." (*Id.* ¶ 27.) RCW 19.190.040 provides for damages of $500 per violative email or actual damages, whichever is greater.

In his recently filed Opposition Brief and supporting Declaration, Plaintiff has supplemented and added further specificity to his prior allegations about the number of supposed spam emails he received from the Defendants. In particular, Plaintiff contends that he has continued to receive "spam" emails from Defendants, even after filing suit, and that the number of spam emails he has received now exceeds 200. (*See* Ex. 3, Declaration of Joel Hodgell, ¶ 6 (claiming "200+ spams" were sent to Plaintiff by or on behalf of the Defendants) ¶ 8 (refencing the "200+ spams I received thus far . . .").) Moreover, in his recently filed Opposition Brief, Plaintiff stated that he "has been ***bombarded by hundreds*** of commercial electronic mail messages trying to sell him Andersen windows and Renewal by Andersen's window replacement services." (Ex. 2, Brief in Opposition to Motion to Dismiss, p. 1 (emphasis added)); *see also id.* (stating that "someone with the assistance of Defendants Andersen Corporation and Renewal by Andersen continues to fill Mr. Hodgell's email inbox with deceptive window replacement advertising and solicitations.")

Plaintiff has expressly sought to recover statutory damages for each alleged spam email under RCW 19.190.040, which provides for the recovery of $500 per offending email or actual damages, whichever is higher. Thus, based on Plaintiff's contention that he received (and continues to receive) more than 200 spam emails from the Defendants, his claim for statutory damages alone places at least $100,000 into controversy under RCW 19.190.040. Plaintiff also seeks "treble damages as permitted by RCW 19.86.090." (Compl. ¶ 28.) RCW 19.86.090 also provides for actual damages and a discretionary

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 7

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

"award of damages up to an amount three times the actual damages sustained," but caps such treble damages at $25,000.

Although Defendants deny Plaintiff's claims of wrongdoing and that Plaintiff is entitled to any damages, his requested relief far exceeds $75,000 and thus satisfies the amount-in-controversy requirement.

Nothing in this Notice of Removal shall be interpreted as a waiver of Defendants' right to assert any defense, including, without limitation, defenses based on lack of personal jurisdiction. Defendants reserve all rights.

Dated December 1, 2023

Respectfully submitted,

**Newman LLP**

s/ Derek Linke
s/ Derek A. Newman
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
1201 Second Avenue, Suite 900
Seattle, WA 98101
Telephone: (206) 274-2800

David Meadows (*pro hac vice* to be filed)
*dmeadows@wtlaw.com*
Abigail L. Howd (*pro hac vice* to be filed)
*ahowd@wtlaw.com*
**Watstein Terepka LLP**
1055 Howell Mill Rd., 8th Floor
Atlanta, Georgia 30318
Tel: (404) 418-8307

Attorneys for Defendants
Andersen Corporation and
Renewal by Andersen LLC

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 8

**Newman LLP**

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

# Certificate of Service

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the county of King, State of Washington, and not a party to the above-entitled cause; my business address is Newman LLP, 1201 Second Avenue, Suite 900, Seattle, Washington 98101.

On December 1, 2023, I served a true copy of the foregoing by personally delivering it to the person(s) indicated below in the manner as provided in Fed. R. Civ. P. 5(b) by depositing it for delivery by USPS in a sealed envelope with the postage thereon fully prepaid to the following, with a courtesy copy by email:

> Gregory W. Albert, WSBA No. 42673
> Tallman H. Trask, WSBA No. 60280
> ALBERT LAW PLLC
> 3131 Western Ave, Suite 410
> Seattle, WA 98121
> greg@albertlawpllc.com
> tallman@albertlawpllc.com
>
> Attorneys for Plaintiff Joel Hodgell

I hereby certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 1, 2023 at Little Rock, Arkansas.

s/ Devonnie Wharton
Devonnie Wharton, Paralegal

NOTICE OF REMOVAL
[Case No.: 2:23-cv-001848] - 9

Newman llp

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800