1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL HODGELL,

　　　　　　　　　　Plaintiff,

　　　v.

ANDERSEN CORPORATION et al.,

　　　　　　　　　　Defendants.

CASE NO. 2:23-cv-01848-LK

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

　　　This matter comes before the Court on (1) Plaintiff Joel Hodgell's motion to remand, Dkt.

No. 14, (2) Defendants Andersen Corporation and Renewal by Andersen LLC's motion to dismiss

for lack of personal jurisdiction and motion to stay discovery, Dkt. Nos. 17, 20, and (3) Joshua

Lapin's pro se motion for leave to appear as amicus curiae, Dkt. No. 22. For the reasons discussed

below, the Court grants Hodgell's motion, Dkt. No. 14, remands this case to King County Superior

Court for lack of subject matter jurisdiction, and denies the remaining motions as moot.

## I.　BACKGROUND

　　　Plaintiff Joel Hodgell initiated this action in King County Superior Court in March 2023

to recover damages and other relief under Washington's Consumer Protection Act ("CPA"), Wash.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 1

1    Rev. Code § 19.86 *et seq.*, based on Defendants' alleged violations of the Commercial Electronic

2    Mail Act, Wash. Rev. Code § 19.190 *et seq. See generally* Dkt. No. 1-1. Hodgell asserts that

3    Defendants Andersen Corporation and Renewal by Andersen LLC "initiated or assisted in the

4    transmission of over one-hundred misleading and unsolicited bulk commercial email

5    solicitations." *Id.* at 3.

6        Defendants initially removed the action to federal district court on May 3, 2023, pursuant

7    to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 1 at 2; *see Hodgell v. Andersen Corp.*, No. 2:23-

8    cv-00649-LK, Dkt. No. 1 (W.D. Wash. May 3, 2023). At that time, Defendants contended that the

9    amount in controversy requirement was satisfied for purposes of diversity jurisdiction due to

10   Hodgell's $150,000 settlement demand. *See Hodgell*, No. 2:23-cv-00649-LK, Dkt. No. 19 at 2.

11   However, given the Court's questions regarding whether such a demand reflected a reasonable

12   estimate of the value of Hodgell's claims, it ordered Defendants to show cause why the case should

13   not be remanded to King County Superior Court for lack of subject matter jurisdiction. *Id.* at 3–5.

14   On August 9, 2023, following the parties' responses, the Court found that Defendants had failed

15   to adequately establish by a preponderance of evidence that the amount in controversy exceeded

16   $75,000 and remanded the matter for lack of subject matter jurisdiction. *Id.*, Dkt. No. 22 at 3–6;

17   *see also* 28 U.S.C. § 1447(c); *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.

18   2004).

19       On December 1, 2023, Defendants once again removed the action to federal district court.

20   Dkt. No. 1. This time, Defendants claim that the amount in controversy requirement is satisfied

21   because, in opposition to Defendants' motion to dismiss for lack of personal jurisdiction filed in

22   state court, Hodgell averred that he has now received more than 200 allegedly unlawful emails

23   from Defendants. *Id.* at 3, 6–8; *see* Dkt. No. 1-2 at 4; Dkt. No. 1-3 at 7. Thus, based on Hodgell's

24   request for $500-per-email statutory damages under Section 19.190.040 of the Revised Code of

1    Washington, Defendants contend that the amount at stake in this litigation exceeds $75,000. Dkt.

2    No. 1 at 7. Hodgell moved to remand the action to state court, arguing that his complaint does not

3    seek damages for the emails he has received during the pendency of this case and they are therefore

4    not relevant to the amount in controversy. Dkt. No. 14 at 4–6; *see also* Dkt. No. 16 at 2; Dkt. No.

5    31. Defendants oppose the motion, maintaining that Hodgell's complaint does not "limit[] his

6    claims to emails received before the date he filed suit" and that Hodgell's acknowledgment of

7    receiving more than 200 emails irrefutably increases the amount at stake. Dkt. No. 24 at 6–7.[1]

8                                   **II.   DISCUSSION**

9    **A.      Legal Standard**

10          Removal of a civil action to federal district court is proper when the federal court would

11   have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction

12   exists over all civil actions where the matter in controversy exceeds $75,000 and the action is

13   between citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants bear the burden of

14   establishing that removal is proper, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244

15   (9th Cir. 2009), and the removal statutes are strictly construed against removal jurisdiction, *Hansen*

16   *v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). When the plaintiff contests a

17   defendant's allegations regarding the amount in controversy, the defendant must produce evidence

18   establishing such amount. *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2017); *see* 28

19   U.S.C. § 1446(c)(2)(B). If at any time a district court determines that "less than a preponderance

20   of the evidence supports the right of removal," it must remand the action to state court. *Hansen*,

21   902 F.3d at 1057; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th

22   Cir. 2003) (explaining that doubts as to removability are resolved in favor of remand).

23

24   _____
     [1] This action was reassigned to the undersigned United States District Judge on April 25, 2024. Dkt. No. 40.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 3

1    Importantly, "[o]nce a district court certifies a remand order to state court it is divested of

2    jurisdiction and can take no further action on the case." *Seedman v. U.S. Dist. Ct. for Cent. Dist.*

3    *of California*, 837 F.2d 413, 414 (9th Cir. 1988); *see also* 28 U.S.C. § 1447(d). Thus, "[a]

4    successive removal petition is permitted only upon a 'relevant change of circumstances'—that is,

5    'when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Reyes v.*

6    *Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas.*

7    *Co.*, 933 F.2d 729, 732 (9th Cir. 1991)); *see also Warren v. MasTec, Inc.*, No. CV 17-4999 PA

8    (SKX), 2017 WL 3025550, at *3 (C.D. Cal. July 17, 2017) ("[A] party cannot remove a case twice

9    based on the same grounds."). Specifically, "a notice of removal may be filed within thirty days

10   after receipt by the defendant" of "an amended pleading, motion, order or other paper"—including

11   "information relating to the amount in controversy in the record of the State proceeding, or in

12   responses to discovery"—from which "it may first be ascertained that the case is one which is or

13   has become removable." 28 U.S.C. § 1446(b)(3), (c)(3)(A). However, "[n]ot all amended

14   pleadings or papers in state courts . . . suffice[] for removal." *O'Bryan v. Chandler*, 496 F.2d 403,

15   409 (10th Cir. 1974). And "[m]ultiple removals could encounter problems—could even lead to

16   sanctions—if nothing of significance changes between the first and second tries." *Benson v. SI*

17   *Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (citation omitted).

18   **B.    Defendants Fail to Show How Subsequent Pleadings or Events Have Revealed a**
       **New and Different Ground for Removal**

19

20   In its order of remand, the Court concluded that Defendants had failed to show that the

21   amount in controversy exceeds $75,000 for purposes of establishing subject matter jurisdiction

22   under 28 U.S.C. § 1332(a). *See Hodgell*, No. 2:23-cv-00649-LK, Dkt. No. 22 at 3–6; *id.*, Dkt. No.

23   19 at 3–5. Following remand, Hodgell did not amend his complaint. Dkt. No. 16 at 2. Nevertheless,

24   Defendants claim that he "has made new allegations that did not exist when Defendants filed their

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 4

1  initial Notice of Removal" such that the amount in controversy now exceeds the jurisdictional

2  minimum. Dkt. No. 1 at 3. Specifically, they argue that Hodgell "now alleges that (a) he has

3  continued to receive unsolicited and misleading spam emails from Defendants, even after filing

4  this lawsuit, and (b) the total amount of allegedly misleading and unsolicited emails at issue in this

5  action exceeds 200." *Id.*; *see also id.* at 7 ("Plaintiff has supplemented and added further specificity

6  to his prior allegations about the number of supposed spam emails he received from the

7  Defendants."). As Defendants acknowledge, "[s]uch allegations [a]re not included" in Hodgell's

8  complaint. *Id.* at 3. And, apart from Defendants' contention about the number of subsequent emails

9  Hodgell received, Defendants do not include any other basis in their second notice of removal that

10  was not included in their initial notice. *Compare id.* at 6–8, *with Hodgell*, 2:23-cv-00649-LK, Dkt.

11  No. 1 at 6–7.[2]

12      In his complaint, Hodgell alleges that "[f]rom June 8, 2019 through *the present* Defendants

13  have initiated transmission, conspired to initiate transmission, or assisted in the transmission of

14  unsolicited, unpermitted, or misleading commercial electronic mail messages, otherwise known as

15  'spam.'" Dkt. No. 1-1 at 4 (emphasis added); *see also id.* at 5 ("Defendants' actions *caused* spam

16  emails to be sent to email addresses belonging to Mr. Hodgell[.]" (emphasis added)). In his motion

17  to remand, Hodgell contends that the "to the present" timeframe he alleges refers to the date of his

18  filing the complaint (i.e., March 2023), that all his allegations refer to the emails in the past tense,

19  and that the only future-looking relief he seeks is an injunction precluding Defendants from

20  continuing to send him such emails. Dkt. No. 14 at 3; *see* Dkt. No. 1-1 at 7 (requesting a permanent

21  injunction "prohibiting future and continuing violations of the Commercial Electronic Mail Act,

22  RCW 19.190 et seq., by Defendants").

23  

24  [2] Indeed, with respect the amount in controversy, Defendants use the same declaration in support of removal in both actions. *See* Dkt. No. 3; *Hodgell*, No. 2:23-cv-00649-LK, Dkt. No. 3.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5

1    Defendants counter that Hodgell's complaint "asks the Court to 'adjudge [that] each

2    individual commercial electronic message Defendants caused to be sent was a separate and distinct

3    violation of the Commercial Electronic Mail Act, RCW 19.190 et seq.,' regardless of when it was

4    sent, and without any limitation whatsoever." Dkt. No. 24 at 7. As a result, Defendants assert,

5    Hodgell's "admissions" regarding the number of emails he has received to date "ma[k]e clear that

6    [his] claims place at least $100,000 at stake in this litigation. *Id.* at 3; *see also id.* at 5–7.

7    The Court disagrees. Defendants do not explain how Hodgell's request for relief based on

8    emails "Defendants *caused to be sent*" up until the filing of his complaint on March 24, 2023 could

9    entitle him to damages based on subsequently received emails when he makes no such claim. That

10   is the function of supplemental pleadings, which Hodgell has not filed. *See* Fed. R. Civ. P. 15(d)

11   ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a

12   supplemental pleading setting out any transaction, occurrence, or event that happened after the

13   date of the pleading to be supplemented."); Wash. Super. Ct. Civ. R. 15(d) (same). And, as Hodgell

14   notes, he "did not make a claim for future damages because, in his experience, defendants typically

15   stop sending violative emails after a suit has been filed." Dkt. No. 31 at 2 (citing Dkt. No. 16 at 2).

16   His subsequent mention of 200 emails therefore does not inform the amount in controversy for

17   purposes of 28 U.S.C. § 1446(b)(3). Instead, his discussion of those emails is geared toward tying

18   the alleged wrongful emails to the specific Defendants to defeat their motion to dismiss for lack

19   of personal jurisdiction. *See, e.g.*, Dkt. No. 1-2 at 4, 11–12 ("In the last four years, Mr. Hodgell

20   has received more than 200 of these unsolicited emails," which have "always include[d] branding

21   and other content owned by Andersen or Renewal by Andersen," and linked to websites that

22   "solicit Andersen or Renewal by Andersen's services," supporting Hodgell's argument that he

23   "has satisfied the purposeful availment element"). Furthermore, Hodgell explicitly specifies in his

24

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 6

1  November 2023 state court declaration that "about half" of the 200 emails were sent "after [he]

2  filed th[e] current lawsuit." Dkt. No. 1-3 at 7.

3      Thus, Hodgell's receipt of additional emails does not reveal a new or different ground for

4  successive removal where he has not sought damages for such receipt. *See, e.g.*, *Waters v. Kohl's*

5  *Dep't Stores, Inc.*, No. 2:18-CV-00328-ODW-AFM, 2018 WL 1664968, at *3–7 (C.D. Cal. Apr.

6  4, 2018); *Villarreal v. Cent. Freight Lines, Inc.*, No. 2:17-CV-05496-ODW-AGR, 2017 WL

7  4535915, at *3 (C.D. Cal. Oct. 10, 2017). Defendants fail to show what has changed following

8  remand with respect to the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888

9  F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy is determined by the complaint

10  operative at the time of removal and encompasses all relief a court may grant on that complaint if

11  the plaintiff is victorious."). This is not a case, for instance, where a plaintiff is claiming a loss of

12  future wages, *see id.* at 417, or "[t]he amount in controversy grew significantly" in relation to a

13  plaintiff's "claim for *future* medical care" due to exacerbated health symptoms following remand,

14  *see, e.g.*, *Howard v. Winn-Dixie Montgomery, LLC*, No. 23-CV-02384, 2023 WL 8065017, at *3

15  (E.D. La. Nov. 21, 2023). And in the absence of an express claim for future damages based on

16  ongoing statutory violations, the Court questions whether a defendant should be able to (at least

17  theoretically) forum shop based on its own post-filing conduct. *Cf. Waters*, 2018 WL 1664968, at

18  *6 ("Any other outcome would allow a defendant to generate its own right of successive

19  removal[.]").

20      Moreover, as with their response to the Court's order to show cause following the initial

21  removal, Defendants make no effort to explain with any specificity how Hodgell's claim for

22  attorney's fees contributes to the amount in controversy. *See generally* Dkt. Nos. 1, 24; *see also*

23  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788, 794 (9th Cir. 2018). Nor do they

24  differentiate the Court's prior analysis with respect to the availability of treble damages under the

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 7

1    CPA. *See generally* Dkt. Nos. 1, 24; *Hodgell*, No. 2:23-cv-00649, Dkt. No. 19 at 4–5. Accordingly,

2    because Defendants have failed to show a relevant change of circumstances sufficient to establish

3    that the amount in controversy exceeds $75,000, the Court grants Hodgell's motion to remand this

4    case for lack of subject matter jurisdiction. Dkt. No. 14; *see* 28 U.S.C. § 1447(c)–(d).

### III.  CONCLUSION

6         For the reasons stated herein, the Court ORDERS that:

7         1.    Hodgell's Motion to Remand, Dkt. No. 14, is GRANTED;

8         2.    The remaining motions, Dkt. Nos. 17, 20, 22, are DENIED AS MOOT;

9         3.    Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are

10              REMANDED to the Superior Court for King County in the State of Washington;

11        4.    The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the

12              Court for the Superior Court for King County Washington;

13        5.    The Clerk of the Court shall also transmit the record herein to the Clerk of the Court

14              for the Superior Court for King County, Washington; and

15        6.    The Clerk of the Court shall CLOSE this case.

16        Dated this 2nd day of May, 2024.

18        Lauren King
          United States District Judge